IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SADAKA DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:15CV11-MHT |
| ) | |
| RHONDA JONES HARDESTY, ) | |
| ) | |
| Defendant. ) | |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Sadaka Davis, proceeding *pro se*, has filed a motion for leave to proceed *in forma pauperis* in this action (Doc. # 2). It is

ORDERED that the motion is GRANTED. However, upon review of the complaint, the court concludes that dismissal of this action prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

Plaintiff sues Judge Rhonda Jones-Hardesty of the District Court of Chilton County, Alabama. He alleges that Judge Jones-Hardesty violated his due process rights in the case of *Castleberry v. Davis, et al.*, Case No. DV 2014-900120.00, an unlawful detainer action relating to property located in Clanton, Alabama. (Complaint, p. 1 at ¶ 5; Doc. # 1-1, p. 6 (judgment)). Plaintiff contends that the state district court lacked jurisdiction, and that Judge

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Jones-Hardesty violated plaintiff's right to due process by proceeding without plaintiff's testimony or permission to do so, and by wrongfully denying plaintiff's motions to dismiss the action. (Complaint, p. 1, ¶ 5; Doc. # 1-1, pp. 2, 5-6). Plaintiff seeks injunctive relief setting aside the orders entered in the state court action and monetary damages in the amount of $1,000,000.00 to compensate plaintiff for pain and suffering and court fees; he also asks that "criminal charges be added to Defendant." (Complaint, ¶ 6).[2]

## Judicial Immunity[3]

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the '"clear absence of all jurisdiction."'" Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000)(quoting Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)). "Whether a judge's actions were made while acting in his [or her] judicial capacity depends on whether: (1) the act complained of

---

[2] Plaintiff alleges that he appealed the district court judgment to the state circuit court. Thus, the state district court's unlawful detainer judgment is not final, and the *Rooker-Feldman* doctrine is not implicated. Plaintiff has also filed a separate complaint in this court asserting claims against Circuit Judge Sibley G. Reynolds, the presiding circuit judge in plaintiff's pending appeal from the judgment entered by Judge Jones-Hardesty in the district court. (See Civil Action No. 15cv12-MHT).

[3] Judicial immunity is an affirmative defense. Boyd v. Carroll, 624 F.2d 730,732-33 (5th Cir. 1980). It may, nevertheless, support dismissal for failure to state a claim on which relief may be granted, if the defense is established on the face of the complaint. See LeFrere v. Quezada, 582 F.3d 1260, 1263 (11th Cir. 2009)("If the complaint contains a claim that is facially subject to an affirmative defense, that claim may be dismissed under Rule 12(b)(6)); Quiller v. Barclays American/Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984), *opinion reinstated on rehearing en banc*, 764 F.2d 1400 (11th Cir. 1985)("The claim may be adequately stated ... but in addition to the claim the complaint may include matters of avoidance that preclude the pleader's ability to recover. When this occurs, the complaint has a built-in defense and is essentially self-defeating.").

constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his [or her] judicial capacity." Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); see Stump, 435 U.S. at 362 ("The relevant cases demonstrate that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity."). It is beyond question that the acts of which plaintiff complains were performed by the defendant in her judicial capacity – plaintiff's complaint and attachments make clear that plaintiff's claims arise entirely from Judge Jones-Hardesty's rulings, orders, and judgment in the unlawful detainer action, including the defendant's decision, as the presiding district court judge, to proceed with the case over plaintiff's objection.

Contrary to plaintiff's contention, the Chilton County district court had subject matter jurisdiction over that action.[4] "Unlawful detainer" is the failure or refusal of a tenant, after the termination of his lawful possessory interest, to deliver possession of the premises to anyone lawfully entitled to possession. Ala. Code, § 6-6-310(2). Jurisdiction over a statutory unlawful detainer action against a holdover tenant is vested in the "district court of the county in which the offense is committed." Id., § 6-6-330; cf. Alexander v. Hawk, 139 So.3d 824

---

[4] The subject matter jurisdiction of the state court is a matter of law, and the court need not accept as true plaintiff's allegation to the contrary.

(Ala. Civ. App. 2013)(the Montgomery County circuit court did not have jurisdiction over an unlawful detainer action because, by statute, original jurisdiction for such actions is vested in the district court).  In the Chilton County district court action giving rise to the claims plaintiff now brings against Judge Jones-Hardesty, the court adjudicated the right to possession of property located in Clanton, Alabama, which lies within Chilton County.  See Complaint, ¶ 3 (providing a street address in Clanton for the District Court of Chilton County); Doc. # 1-1, p. 6 (Judge Jones-Hardesty's November 4, 2014, judgment ordering "that the following property, as described in the complaint be restored to the Plaintiff: 405 2nd Ave South, Clanton, Alabama 35045").  Thus, the Chilton County district court had subject matter jurisdiction over the unlawful detainer action at issue.  Because the defendant judge's actions, as set forth on the face of the complaint and its attachments, were not performed in the "clear absence of all jurisdiction," the defendant is entitled to absolute judicial immunity from plaintiff's claims for monetary damages. See Dykes v. Hosemann, 776 F.2d 942, 946 (11th Cir. 1985)(*en banc*)(judges having subject matter jurisdiction of a case enjoy absolute immunity from § 1983 claims for damages).[5]

---

[5] Plaintiff suggests, in the judicial inquiry complaint appended to the complaint he filed in this court, that the state district court lacked personal jurisdiction to proceed in the action against him. (See Doc. # 1-1, p. 1).  Even if plaintiff had alleged facts that would support such a conclusion, the lack of personal jurisdiction would not change the absolute immunity analysis.  See Dykes, 776 F.2d at 943 (rejecting panel decision holding that a judge who "performs a judicial act affecting the rights of a party over whom he knows the court has no personal jurisdiction" may be liable for money damages; stating, "We find this result both contrary to precedent and policy and reassert the common law doctrine that a judge enjoys absolute immunity where he or she had subject matter jurisdiction over the matter forming the basis for such liability.").

**Injunctive Relief**

"In order to receive declaratory or injunctive relief, plaintiffs must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law." Bolin, 225 F.3d at 1242. Plaintiff cannot demonstrate that he is entitled to the injunctive relief he seeks, because he has an adequate remedy at law – *i.e.*, the right to appeal the judgment entered by Judge Jones-Hardesty through the state court system as provided by Alabama law.[6] See Sibley, 437 F.3d at 1074 ("Sibley is ineligible for equitable relief because he had access to the appellate process, a remedy at law[.]"); Ala. Code § 6-6-350 (allowing any party to appeal the judgment of the district court in an unlawful detainer action to the circuit court).[7]

**Criminal Charges**

Plaintiff requests relief in the form of "criminal charges be added to Defendant."

---

[6] Plaintiff does not seek declaratory relief. However, such relief is unavailable for the same reason.

[7] Plaintiff's allegation that the "Circuit Court will not give appeal date" (Complaint, ¶ 5) does not render the legal remedy inadequate, particularly in view of the statute's requirement that the appeal "shall be set for trial within 60 days from the date of appeal" (Ala. Code, § 6-6-350) and plaintiff's statutory right to petition for certiorari or a remedial writ in the Alabama Court of Civil Appeals and, if necessary, in the Alabama Supreme Court (Ala. Code, § 6-6-640). Additionally, because the State of Alabama provides a right to a trial in circuit court on appeal from the judgment of the district court in an unlawful detainer action (see Ala. Code §§ 6-6-350, 12-12-71(a)), plaintiff fails to state a cognizable procedural due process claim for the deprivation of any right to continued possession he may hold in the premises pursuant to Alabama landlord-tenant law. See McKinney v. Pate, 20 F.3d 1550, 1560 (11th Cir. 1994)(*en banc*)("When a state procedure is inadequate, no procedural due process right has been violated unless and until the state fails to remedy that inadequacy."); see also Cotton v. Jackson, 216 F.3d 1328, 1331 (11th Cir. 2000)("It is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim.").

(Complaint, ¶ 6). To the extent that plaintiff seeks an order enjoining an appropriate state or federal official to prosecute the defendant, plaintiff lacks standing to pursue this claim for relief because he has no "judicially cognizable interest in the prosecution or non-prosecution of another." Linda R.S. v.Richard D., 410 U.S. 614, 619 (1973); see also Otero v. U.S. Atty. Gen., 832 F.2d 141 (11th Cir. 1987)(affirming district court's dismissal of a complaint seeking to compel the defendants to investigate and prosecute a form Florida State Attorney because "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another").[8]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B), as the defendant is entitled to absolute judicial immunity from plaintiff's claims for monetary damages, plaintiff has an adequate remedy at law precluding injunctive relief, and plaintiff lacks standing to pursue a claim seeking criminal prosecution of the defendant.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before January 28, 2015. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the

---

[8] Thus, even if plaintiff had sued an official with authority to prosecute the defendant, he lacks standing to pursue a claim for such relief.

party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993);  Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 14th day of January, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE